UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

HANSON SYSTEMS, LLC,

    Plaintiff,                            Case No.  1:07-CV-474

v.                                              Hon. Robert J. Jonker

LINAMAR CORPORATION, et al.,

    Defendants,

_____/

## MEMORANDUM OPINION AND ORDER

On June 23, 2008, Defendants' Motion for Summary Judgment (docket # 35) came up for hearing.  Defendants filed their motion as directed by the Partial Case Management Order entered on August 29, 2007 (docket # 19).  Plaintiff's response to Defendant's motion sought to bind Defendants to arbitration.  The Court denied Defendants' motion in part and compelled Defendants Linamar Automotive Systems (Wuxi) Co., Ltd., and LPP Manufacturing, Inc., to arbitrate.  (docket # 48).  The court took under advisement the issue of whether Defendant Linamar Corporation (Linamar) should also be compelled to arbitrate.  This Opinion and Order addresses that issue and supplements the comments and findings of the Court at oral argument on June 23, 2008.

A judicial mandate to arbitrate must be predicated upon an enforceable agreement to arbitrate. *Georgia Power Co. v. Cimarron Coal Corp.*, 526 F.2d 101, 106 (6th Cir. 1975).  If there is a genuine dispute as to whether the parties have made an enforceable

arbitration agreement then a trial of that issue is required before an order can issue directing the parties to proceed to arbitration. 9 U.S.C. § 4 (2000); In re *Kinoshita & Co.*, 287 F.2d 951, 953 (2d Cir. 1961). "[W]hether a person is a party to an arbitration agreement . . . is included within the statutory issue of 'the making of the arbitration agreement.'" *Interocean Shipping Co. v. Nat'l Shipping & Trading Corp.*, 462 F.2d 673, 677 (2d Cir. 1972). In a case like this one, where a party opposes arbitration on the ground that no agreement to arbitrate has been made between the parties, a court "should give [the opposing] party the benefit of all reasonable doubts and inferences that may arise." *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980).

It is well settled that a nonsignatory like Linamar may be bound by an arbitration agreement under any of five theories: (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, and (5) estoppel. *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 629 (6th Cir. 2003) (citing *Thomson-CSF v. American Arbitration Ass'n*, 64 F.3d 773 (2d Cir. 1995)). The question here is whether, giving Linamar the benefit of all reasonable doubts and inferences that may arise, there is a genuine issue as to whether Linamar can be bound to arbitrate under any of those five theories. If the record necessitates application of one or more of those theories then Linamar can be compelled to arbitrate. If, however, there is a genuine issue then Linamar is entitled to a trial to determine whether or not one or more of those theories applies.

As the Court detailed at the hearing on Defendants' motion for summary

judgment, there are "facts from which a reasonable fact finder could conclude that on one theory or another—whether estoppel, veil piercing, or agency—Linamar could be bound to arbitrate."  A fact-finder could find facts necessitating the application of one or all of those theories, but on this record that is not the only possible result.  There is, in other words, a genuine issue as to whether Linamar can be bound to arbitrate.  Accordingly, along with denying Linamar's motion for summary judgment, the Court must also deny Plaintiff's implicit cross motion for summary judgment compelling Linamar to arbitrate.

In the ordinary course, the matter would now proceed to trial on the arbitrability issue.  9 U.S.C. § 4; *Local Union No. 38 v. A&M Heating, Air Conditioning, Ventilation, & Sheet Metal, Inc.*, 314 F. Supp. 2d 332 (S.D.N.Y. 2004).  This would necessitate a substantial investment of the parties' time and money on an ultimately nondispositive matter.  Moreover, at least some of the factual issues regarding arbitrability will likely overlap with factual issues on the merits in the arbitration involving Wuxi, LPP, and Hanson Systems.  This raises the specter of at least partially inconsistent results in the judicial and arbitration forums.  Finally, there is also the potential for significant overlap between the arbitrability issues and the substantive merits of Plaintiff's claims against Linamar.  This overlap does not create a risk of inconsistent results, but it does present a Hobson's choice between (1) proceeding "summarily to the trial" of arbitrability issues, 9 U.S.C. § 4, before plenary discovery and development of overlapping dispositive issues on the merits; and (2) waiting to address arbitrability until the overlapping merits issues are

themselves ready for final adjudication, thus preventing prompt resolution of the arbitrability question.

As provided by the Court's earlier Partial Case Management Order (docket # 19), the Court will conduct a supplemental Rule 16 conference to address these issues and to schedule any appropriate remaining dates and deadlines.  The Court will handle the supplemental Rule 16 conference by telephone unless one or both parties advise the Court that they would prefer to appear in person.  In any event, at least three business days before the supplemental Rule 16 conference, the parties shall file a Supplemental Joint Status Report stating their positions on how this case should now proceed against Linamar in this Court.  The Supplemental Joint Status Report must address, at a minimum, each party's position on the following questions:

(1)   Should the Court proceed summarily to trial on the arbitrability issues under 9 U.S.C. § 4;

(2)   Is any party demanding or requesting a jury trial on the arbitrability issues;

(3)   If the parties anticipate a bench trial on arbitrability, what impact, if any, will the trial judge's factual findings have on (1) later submission to a jury of overlapping fact issues on the underlying merits of Plaintiff's claims against Linamar, *c.f. Arber v. Essex Wire Corp.*, 490 F.2d 414, 421 (6th Cir. 1974) (citing *Beacon Theaters, Inc. v. Westober*, 359 U.S. 500 (1959), and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), in support of the general

        proposition that "where legal and equitable claims are asserted in a single action, the right to trial by jury of the issues presented in the legal claim cannot be denied just because their determination is also necessary in the determination of the equitable claims"), and (2) overlapping factual issues in the merits of the arbitration involving the other related parties;

(4)    Should the Court stay some or all of the proceeding in this Court (or dismiss them without prejudice) pending the outcome of the arbitration involving other related parties; and

(5)    Do the parties wish to explore the possibility of foregoing further litigation of the arbitrability issue in favor of proceeding directly to the merits with all parties in a single forum, either in arbitration or before the Court?

**IT IS SO ORDERED.**

Dated:  July 25, 2008          /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE